## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**POUND LAW LLC**,

      Plaintiff,

v.

**KATHERINE K. VIDAL**, in her
capacity as Director of the United
States Patent and Trademark Office;
and

**THE UNITED STATES PATENT
AND TRADEMARK OFFICE**,

      Defendants.

Case No. 6:23-cv-00061-ACC-RMN

## ANSWER

Defendants, Katherine K. Vidal, in her capacity as Director of the United

States Patent and Trademark Office, and the United States Patent and Trademark

Office ("USPTO"), by and through their undersigned counsel, hereby answer the

allegations in Plaintiff's Complaint for relief pursuant to 15 U.S.C. § 1071(b) using

the paragraph numberings of the Complaint.  To the extent the headings or any

other non-numbered statements in the Complaint contain any allegations,

Defendants deny each and every such allegation.

As to the first unnumbered paragraph, Defendants admit that Pound Law,

LLC is the Plaintiff and that Katherine K. Vidal, in her capacity as Director of the

USPTO, and the USPTO are identified as Defendants.  To the extent the paragraph is deemed to contain additional allegations, the same are denied.

## PARTIES, JURISDICTION, AND VENUE

1.     Defendants admit that the online business entity database of the state of Florida identifies Pound Law as a limited liability company with a principal office at 20 North Orange Avenue, Suite 1600, Orlando Florida 32801.   Any remaining allegations contained in paragraph 1 are denied.

2.     Defendants admit the allegations contained in paragraph 2, except that Director Vidal should be identified as Katherine K. Vidal.  Pursuant to Federal Rule of Civil Procedure 25(d), Defendants have substituted the correct name in the caption.

3.     Admitted.

4.     Defendants admit that Plaintiff brings this action pursuant to 15 U.S.C. § 1701(b) and 28 U.S.C. § 1331 and that the District Court for the Middle District of Florida has jurisdiction.

5.     Paragraph 5 is a statement of law that requires no response.  To the extent the paragraph is deemed to contain allegations that require a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the facts necessary to support the underlying venue allegations contained in paragraph 5 and, therefore, deny them.

## FACTUAL BACKGROUND

6.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, and therefore deny the allegations.

7.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and therefore deny the allegations.

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and therefore deny the allegations.

9.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and therefore deny the allegations.

10.     Paragraph 10 includes conclusory statements made by Plaintiff that requires no response.  To the extent paragraph 10 is deemed to contain allegations that require a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny them.

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and therefore deny the allegations.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and therefore deny the allegations.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and therefore deny the allegations.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and therefore deny the allegations.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, and therefore deny the allegations.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and therefore deny the allegations.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and therefore deny the allegations.

18.     Paragraph 18 includes conclusory statements made by Plaintiff that require no response.   To the extent that paragraph 18 is deemed to contain

allegations that require a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, and therefore deny the allegations.

### #LAW U.S. APPLICATION HISTORY

A.    **First #LAW Mark Application (Which Matured into U.S. Reg. No. 3,240,931 on the Supplemental Register)**

19.    Defendants admit that application serial No. 78/855,924 is for the alleged #LAW mark.  The further allegations contained in paragraph 19 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 19 are inconsistent with the administrative record, Defendants deny them.

20.    Defendants admit that application serial No. 78/855,924 is for the alleged #LAW mark. The further allegations contained in paragraph 20 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 20 are inconsistent with the administrative record, Defendants deny them.

21.    The allegations contained in paragraph 21 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations

contained in paragraph 21 are inconsistent with the administrative record, Defendants deny them.

22. The allegations contained in paragraph 22 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 22 are inconsistent with the administrative record, Defendants deny them.

23. Defendants admit that U.S. Reg. No. 3,240,931 on the Supplemental Register is for the alleged #LAW mark.   The further allegations contained in paragraph 23 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 23 are inconsistent with the administrative record, Defendants deny them.

24. Defendants admit that U.S. Reg. No. 3,240,931 on the Supplemental Register is for the alleged #LAW mark.  The further allegations contained in paragraph 24 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 24 are inconsistent with the administrative record, Defendants deny them.

25.     The allegations contained in paragraph 25 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 25 are inconsistent with the administrative record, Defendants deny them.

26.     The allegations contained in paragraph 26 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 26 are inconsistent with the administrative record, Defendants deny them.

27.     The allegations contained in paragraph 27 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 27 are inconsistent with the administrative record, Defendants deny them.

28.     Defendants admit that U.S. Reg. No. 3,240,931 on the Supplemental Register is for the alleged #LAW mark.  The further allegations contained in paragraph 28 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that

the allegations contained in paragraph 28 are inconsistent with the administrative record, Defendants deny them.

29.     Defendants admit that U.S. Reg. No. 3,240,931 on the Supplemental Register is for the alleged #LAW mark.  The further allegations contained in paragraph 29 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 29 are inconsistent with the administrative record, Defendants deny them.

30.     Defendants admit that U.S. Reg. No. 3,240,931 on the Supplemental Register is for the alleged #LAW mark.  The further allegations contained in paragraph 30 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 30 are inconsistent with the administrative record, Defendants deny them.

**B.      Current #LAW Mark Application (Serial No. 87/724,338)**

31.     The allegations contained in paragraph 31 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 31 are inconsistent with the administrative record, Defendants deny them.

32.     Defendants admit that application serial No. 87/724,338 is for the alleged #LAW mark.  The further allegations contained in paragraph 32 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 32 are inconsistent with the administrative record, Defendants deny them.

33.     The allegations contained in paragraph 33 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 33 are inconsistent with the administrative record, Defendants deny them.

34.     The allegations contained in paragraph 34 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 34 are inconsistent with the administrative record, Defendants deny them.

35.     The allegations contained in paragraph 35 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations

contained in paragraph 35 are inconsistent with the administrative record, Defendants deny them.

36.     The allegations contained in paragraph 36 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 36 are inconsistent with the administrative record, Defendants deny them.

37.     The allegations contained in paragraph 37 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 37 are inconsistent with the administrative record, Defendants deny them.

38.     The allegations contained in paragraph 38 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 38 are inconsistent with the administrative record, Defendants deny them.

39.     The allegations contained in paragraph 39 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations

contained in paragraph 39 are inconsistent with the administrative record, Defendants deny them.

40.   The allegations contained in paragraph 40 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 40 are inconsistent with the administrative record, Defendants deny them.

41.   The allegations contained in paragraph 41 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 41 are inconsistent with the administrative record, Defendants deny them.

42.   The allegations contained in paragraph 42 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 42 are inconsistent with the administrative record, Defendants deny them.

43.   The allegations contained in paragraph 43 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations

contained in paragraph 43 are inconsistent with the administrative record, Defendants deny them.

44.    The allegations contained in paragraph 44 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 44 are inconsistent with the administrative record, Defendants deny them.

45.    The allegations contained in paragraph 45 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 45 are inconsistent with the administrative record, Defendants deny them.

46.    The allegations contained in paragraph 46 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 46 are inconsistent with the administrative record, Defendants deny them.

47.    The allegations contained in paragraph 47 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations

contained in paragraph 47 are inconsistent with the administrative record, Defendants deny them.

48.     The allegations contained in paragraph 48 are outside the administrative record; Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore deny the allegations.

49.     As to the first sentence of paragraph 49, Defendants admit that TMEP § 709.04 states, in part, that "examining attorneys must respond to telephone messages . . . within a reasonable time."  As to the second sentence of paragraph 49, Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations, and therefore deny the allegations.

50.     The allegations contained in paragraph 50 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 50 are inconsistent with the administrative record, Defendants deny them.

51.     The allegations contained in paragraph 51 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 51 are inconsistent with the administrative record, Defendants deny them.

52.     The allegations contained in paragraph 52 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 52 are inconsistent with the administrative record, Defendants deny them.

53.     The allegations contained in paragraph 53 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 53 are inconsistent with the administrative record, Defendants deny them.

54.     The allegations contained in paragraph 54 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 54 are inconsistent with the administrative record, Defendants deny them.

55.     The allegations contained in paragraph 55 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 55 are inconsistent with the administrative record, Defendants deny them.

### C.    Institution of the Appeal

56.    The allegations contained in paragraph 56 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 56 are inconsistent with the administrative record, Defendants deny them.

57.    The allegations contained in paragraph 57 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 57 are inconsistent with the administrative record, Defendants deny them.

58.    The allegations contained in paragraph 58 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 58 are inconsistent with the administrative record, Defendants deny them.

59.    The allegations contained in paragraph 59 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations

contained in paragraph 59 are inconsistent with the administrative record, Defendants deny them.

### D. The TTAB Decision

60. The allegations contained in paragraph 60 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in this paragraph are inconsistent with the administrative record, Defendants deny them.

61. The allegations contained in paragraph 61 state conclusions of law to which no response is required. To the extent that an answer is deemed to be required, the allegations are denied.

62. The allegations contained in paragraph 62 state conclusions of law to which no response is required. To the extent that an answer is deemed to be required, the allegations are denied.

63. Defendants deny that TMEP § 1209.03(l) "provides that telephone numbers constitute registrable subject matter."

64. The allegations contained in paragraph 64 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 64 are inconsistent with the administrative record,

Defendants deny them. To the extent that the allegations contained in paragraph 64 state conclusions of law, no response is required.

65. The allegations contained in paragraph 65 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 65 are inconsistent with the administrative record, Defendants deny them. To the extent that the allegations contained in paragraph 65 state conclusions of law, no response is required.

66. The allegations contained in paragraph 66 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 66 are inconsistent with the administrative record, Defendants deny them. To the extent that the allegations contained in paragraph 66 state conclusions of law, no response is required.

67. The allegations contained in paragraph 67 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 67 are inconsistent with the administrative record, Defendants deny them. To the extent that the allegations contained in paragraph 67 state conclusions of law, no response is required.

68.    Defendants admit that U.S. Reg. No. 3,240,931 on the Supplemental Register is for the alleged #LAW mark.   The further allegations contained in paragraph 68 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 68 are inconsistent with the administrative record, Defendants deny them. To the extent that the allegations contained in paragraph 68 state conclusions of law, no response is required.

69.    Defendants admit that paragraph 69 quotes, in part, the definitions of "trademark" and "service mark," as defined in 15 U.S.C. § 1127.

70.    Defendants admit that paragraph 70 quotes a portion of TMEP § 1301.02(a).

71.    The  allegations  contained  in  paragraph  71  constitute  a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 71 are inconsistent with the administrative record, Defendants deny them. To the extent that the allegations contained in paragraph 71 state conclusions of law, no response is required.

72.    The first sentence of paragraph 72 is a conclusory statement made by Plaintiff that requires no response.   As to the second sentence, Defendants lack

knowledge and information sufficient to form a belief as to the truth of Plaintiff's assertion and therefore, denies it.

73. Defendants admit that TMEP § 1301.02(a) is titled "Matter that Does Not Function as a Service Mark." Further, the allegations contained in paragraph 73 state conclusions of law to which no response is required. To the extent that an answer is deemed to be required, the allegations are denied.

74. The allegations contained in paragraph 74 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 74 are inconsistent with the administrative record, Defendants deny them. To the extent that the allegations contained in paragraph 74 state conclusions of law, no response is required.

75. Defendants admit that the quoted language in paragraph 75 is from the USPTO's website, http://www.uspto.gov, under Trademark FAQs, in response to the question "Where should I place the ® symbol?" The remaining allegations contained in paragraph 75 are conclusory statements made by Plaintiff to which no response is required.

76. The allegations contained in paragraph 76 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations

contained in paragraph 76 are inconsistent with the administrative record, Defendants deny them. To the extent that the allegations contained in paragraph 76 state conclusions of law, no response is required.

77. The allegations contained in paragraph 77 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 77 are inconsistent with the administrative record, Defendants deny them. To the extent that the allegations contained in paragraph 77 state conclusions of law, no response is required.

78. The allegations contained in paragraph 78 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 78 are inconsistent with the administrative record, Defendants deny them. To the extent that the allegations contained in paragraph 78 state conclusions of law, no response is required.

79. The allegations contained in paragraph 79 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 79 are inconsistent with the administrative record,

Defendants deny them. To the extent that the allegations contained in paragraph 79 state conclusions of law, no response is required.

80.     Defendants admit that *U.S. Pat. & Trademark Office v. Booking.com*, 140 S.Ct. 2298 (2020) is an opinion from the United States Supreme Court.  Further, the remaining allegations contained in paragraph 80 state conclusions of law to which no response is required.   To the extent paragraph 80 is deemed to contain allegations that require a response, the same are denied.

81.     The allegations contained in paragraph 81 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 81 are inconsistent with the administrative record, Defendants deny them. To the extent that the allegations contained in paragraph 81 state conclusions of law, no response is required.

82.     The allegations contained in paragraph 82 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 82 are inconsistent with the administrative record, Defendants deny them. To the extent that the allegations contained in paragraph 82 state conclusions of law, no response is required.

83.     The allegations contained in paragraph 83 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 83 are inconsistent with the administrative record, Defendants deny them. To the extent that the allegations contained in paragraph 83 state conclusions of law, no response is required.

84.     The allegations contained in paragraph 84 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 84 are inconsistent with the administrative record, Defendants deny them. To the extent that the allegations contained in paragraph 84 state conclusions of law, no response is required.

85.     Defendants admit that TMEP § 1301.02 states "[w]hile a service mark does not have to be displayed in any particular size or degree of prominence, it must be used in a way that makes a commercial impression separate and apart from the other elements of the advertising matter or other material upon which it is used, such that the designation will be recognized by  prospective purchasers as a source identifier."

86.     The allegations contained in paragraph 86 constitute a characterization of the administrative record in this case. The administrative

record is the best evidence of its contents. To the extent that the allegations contained in paragraph 86 are inconsistent with the administrative record, Defendants deny them. To the extent that the allegations contained in paragraph 86 state conclusions of law, no response is required.

87.     Defendants admit that U.S. Reg. No. 3,240,931 on the Supplemental Register is for the alleged #LAW mark.  The further allegations contained in paragraph 87 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 87 are inconsistent with the administrative record, Defendants deny them. To the extent that the allegations contained in paragraph 87 state conclusions of law, no response is required.

88.     The allegations contained in paragraph 88 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 88 are inconsistent with the administrative record, Defendants deny them. To the extent that the allegations contained in paragraph 88 state conclusions of law, no response is required.

89.     The allegations contained in paragraph 89 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations

contained in paragraph 89 are inconsistent with the administrative record, Defendants deny them. To the extent that the allegations contained in paragraph 89 state conclusions of law, no response is required.

90.    The allegations contained in paragraph 90 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 90 are inconsistent with the administrative record, Defendants deny them. To the extent that the allegations contained in paragraph 90 state conclusions of law, no response is required.

91.    The allegations contained in paragraph 91 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 91 are inconsistent with the administrative record, Defendants deny them.

92.    The allegations contained in paragraph 92 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 92 are inconsistent with the administrative record, Defendants deny them.

93.     The allegations contained in paragraph 93 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 93 are inconsistent with the administrative record, Defendants deny them.

94.     The allegations contained in paragraph 94 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 94 are inconsistent with the administrative record, Defendants deny them.

95.     The allegations contained in paragraph 95 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 95 are inconsistent with the administrative record, Defendants deny them.

96.     The allegations contained in paragraph 96 state conclusions of law to which no response is required.  To the extent paragraph 96 is deemed to contain allegations that require a response, the same are denied.

97.     Defendants admit that TMEP § 904.07(b) states "[g]enerally, when initially refusing registration on the ground that the subject matter does not

function as a trademark or service mark, the examining attorney should advise the applicant that the refusal will be reconsidered if the applicant submits a substitute specimen showing proper use of the applied-for mark as a trademark or service mark . . . [h]owever, instances where the nature of the mark, such as with informational marks, indicates that consumers would never perceive the mark as source indicating, regardless of the manner of use, no such advisory need be given." Any remaining allegations contained in paragraph 97 are denied.

98.     The allegations contained in paragraph 98 constitute a characterization of the administrative record in this case. The administrative record is the best evidence of its contents. To the extent that the allegations contained in paragraph 98 are inconsistent with the administrative record, Defendants deny them.

99.     The allegations contained in paragraph 99 are conclusory statements made by Plaintiff which require no response.  To the extent paragraph 99 is deemed to contain allegations that require a response, the same are denied.

100.    The allegations contained in paragraph 100 are conclusory statement made by Plaintiff which require no response.  To the extent paragraph 100 is deemed to contain allegations that require a response, the same are denied.

## FIRST CAUSE OF ACTION

101.   Defendants incorporate by reference their responses to paragraphs 1–100 as though fully set forth herein.

102.   The allegations contained in paragraph 102 are conclusions of law to which no response is required. To the extent that paragraph 102 is deemed to contain allegations that require a response, the same are denied.

## PRAYER FOR RELIEF

The remainder of the Complaint constitutes a prayer for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief by this Court.

## GENERAL DENIAL

Defendants deny each and every allegation, heading, subheading, prayer, or other characterization contained in Plaintiff's Complaint not expressly admitted.

## AFFIRMATIVE DEFENSES

Without any admission as to the burden of proof, burden of persuasion, or truth of any allegation in the Complaint, Defendants assert the following defenses:

### FIRST DEFENSE

The only proper defendant to an action seeking review of a decision of the USPTO's Trademark Trial and Appeal Board (TTAB) under section 21(b) of the Lanham Act, 15 U.S.C. § 1071(b), is the Director of the USPTO, and therefore either

this Court lacks jurisdiction over Plaintiff's claim against the USPTO, or the complaint fails to state a claim as to the USPTO.

## SECOND DEFENSE

Plaintiff's alleged trademark "#LAW" as shown in U.S. Trademark Application Serial No. 87/724,338 is not eligible for registration on the Principal Register because it fails to function as a service mark and/or Plaintiff has not proved that #LAW has acquired distinctiveness to support registration under Section 2(f) of the Lanham Act, 15 U.S.C. § 1052(f).

## THIRD DEFENSE

Defendants reserve the right to supplement, amend, or modify the foregoing defenses and to assert any affirmative defenses—including, but not limited to, those expressly found in Federal Rule of Civil Procedure 8(c)—that may be supported by the record subsequent to the close of discovery in the instant action.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, having fully answered, Defendants pray that the Court enter judgment in their favor and against Plaintiff as follows:

A.   That the Court enter judgment affirming the decision of the TTAB refusing registration of Plaintiff's application and dismissing Plaintiff's Complaint with prejudice;

B.    That the Court dismiss Defendant USPTO from this action;

C.    That, pursuant to Section 21(b)(3) of the Lanham Act, 15 U.S.C. § 1071(b)(3), the Court order Plaintiff to pay all of Defendants' reasonable expenses incurred in defending this action, regardless of whether the final decision is in Plaintiff's favor or not; and

D.    That the Court grant Defendants such and other further relief as the Court may deem just and proper.

Respectfully submitted:

ROGER B. HANDBERG
United States Attorney
Middle District of Florida

ROBERT D. SOWELL
Assistant United States Attorney

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

GARY L. HAUSKEN
Director

OF COUNSEL:
THOMAS W. KRAUSE
Solicitor                                    /s/ Jenna Munnelly
CHRISTINA J. HIEBER                JENNA MUNNELLY
Senior Counsel for Trademark      Trial Attorney
Litigation                                   Intellectual Property Section
MONICA LATEEF                        Commercial Litigation Branch
BENJAMIN T. HICKMAN            Civil Division
Associate Solicitors                      U.S. Department of Justice
United States Patent and Trademark   Tel.: (202) 616-1061
Office                                         Fax: (202) 307-0345
                                                  Email: jenna.e.munnelly@usdoj.gov

                                                  *Counsel for Defendants*

Dated: March 27, 2023

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will transmit a true and correct copy of the same to the counsel on record.

Jonathan E. Moskin
Foley & Lardner LLP
90 Park Ave
New York, NY 10016
Tel: 212-682-7474
Email: jmoskin@foley.com


Christopher P. Bussert
Theodore H. Davis
Shreya Desai
Kilpatrick Townsend & Stockton, LLP
1100 Peachtree Street, Suite2800
Atlanta, GA 30309-4530
Tel: 404-815-6000
Emails:
cbussert@kilpatricktownsend.com
tdavis@kilpatricktownsend.com
spdesai@kilpatricktownsend.com

Damien Hunter Prosser
Benjamin A. Webster
Morgan & Morgan, PA
20 N Orange Ave, Suite 1600
Orlando, FL 32801
Tel: 407-420-1414
Fax: 407-245-3349
Emails:
dprosser@forthepeople.com
bwebster@forthepeople.com

/s/Jenna Munnelly
JENNA MUNNELLY
Trial Attorney
Commercial Litigation Branch
Tel: (202) 616-1061

Date: March 27, 2023