# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

POUND LAW LLC,

    Plaintiff,

v.

KATHI VIDAL; and U.S. PATENT & TRADEMARK OFFICE,

    Defendants.

Case No. 6:23-cv-61-RMN

## AGREED ORDER OF DISMISSAL AND REMAND[1]

Plaintiff, Pound Law LLC, and Defendants, Katherine K. Vidal, in her capacity as Director of the United States Patent and Trademark Office, and the United States Patent and Trademark Office ("USPTO"),[2] hereby jointly file a proposed agreed to order of dismissal and remand[3] under the following terms:

---

[1] With the parties' consent, this case has been referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkts. 47, 50.

[2] The Director of the USPTO is the only proper defendant to an action seeking review of a decision, in an *ex parte* matter, of the USPTO's Trademark Trial and Appeal Board under § 21(b)(3) of the Lanham Act, 15 U.S.C. § 1071(b)(3).

[3] With respect to judicial review of decisions in *ex parte* appeals brought under 15 U.S.C. § 1071(b)(1), agreed-to orders of dismissal and remand to the USPTO routinely have been used and approved by District Courts in similar cases where the parties have reached an agreement as to registrability of the subject

1. This action relates to a final decision of the Trademark Trial and Appeal Board ("TTAB"), an administrative tribunal of the USPTO. Based on the evidence in the administrative record of Plaintiff's service mark application, Serial No. 87/724,338, the TTAB affirmed the refusal to register #LAW as a mark for "Legal referral services rendered to consumers seeking to retain a lawyer to represent them in a legal matter initiated by phone" in International Class 35, and "Providing legal services to consumers seeking to retain a lawyer to represent them in a legal matter initiated by phone" in International Class 45. The refusal was pursuant to Sections 1, 2, 3 & 45 of the Lanham Trademark Act, 15 U.S.C. §§ 1051, 1052, 1053 & 1127, on the sole ground that as used on the specimen of record #LAW fails to function as a service mark.

2. Plaintiff filed this action on January 11, 2023, challenging the TTAB's decision under Section 21(b) of the Lanham Act, 15 U.S.C. § 1071(b).

3. Since the Complaint in the action was filed, the parties have communicated and consulted through counsel to resolve this matter. During the parties' agreed-upon disclosure procedure and discovery, Plaintiff provided

---

trademark prior to a trial on the merits. *See, e.g.*, *Grupo Bimbo S.A.V. de C.V. v. Hirshfeld*, Dkt. 23, No. 1:21-cv-721 (E.D. Va. Apr. 8, 2022); *MAD Brewing Co. v, Vidal*, Dkt. 20, No. 4:21-cv-709 (W.D. Mo. July 26, 2022); *Vitamin Shoppe Procurement Services, LLC v. Iancu*, Dkt. 28, No. 2:19-cv-20948 (D.N.J. Nov. 24, 2020).

additional probative evidence of how consumers would perceive uses of #LAW in the administrative record for the services in the application.

4. Thereafter, the parties, through counsel, met and conferred and now agree that this action should be dismissed without prejudice and remanded to the USPTO for further proceedings consistent with this Stipulation. Upon remand, the USPTO will take appropriate steps to approve application Serial No. 87/724,338 for publication forthwith.

Accordingly, it is **ORDERED**:

1. This action is **DISMISSED WITHOUT PREJUDICE** and **REMANDED** to the United States Patent and Trademark Office pursuant to the conditions identified above; and

2. Each party will bear its own fees and costs.

**DONE** and **ORDERED** in Orlando, Florida, on September 11, 2023.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Counsel of Record